REQUESTED BY: Senator Joyce Hillman Nebraska State Legislature, District No. 48
You have requested the opinion of the Attorney General concerning whether ". . . counties with less than 300,000 population can have a county comptroller or a similar position." The question you present constitutes a local issue of particular interest to counties which this office would not normally address within the scope of its responsibilities. However, we respond to your request for an opinion since you indicate you are considering remedial legislation.
It is our opinion that application of the statutory provisions creating the office of county comptroller is limited to counties having a population greater than three hundred thousand residents. Accordingly, the office of county comptroller is not created in counties with less than three hundred thousand inhabitants.
OFFICE OF THE COUNTY COMPTROLLER
You appear to raise this question because the office of county comptroller is specifically created by statute in counties having a population in excess of three hundred thousand residents. Neb. Rev. Stat. § 23-1401 (1991) states in particular part:
 In any county in this state having a population in excess of three hundred thousand inhabitants, there is hereby created the office of county comptroller for such county, and the county clerk of such county shall be the ex officio county comptroller for the county. The county comptroller shall act as the general accountant, chief auditing officer, internal auditor, and fiscal agent of the county and shall exercise a general supervision over all officers of the county charged in any manner with the receipt, collection, and or disbursement of the county revenue. . . .
(Emphasis added).
The express provisions of section 23-1401 apply only to counties having a population exceeding three hundred thousand residents. The language of the statute is clear and unambiguous. The general rule governing statutory construction and interpretation provides that, in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. State ex rel. Wieland v. Beerman,246 Neb. 808, 523 N.W.2d 518 (1994); In re Application of Jantzen,245 Neb. 81, 511 N.W.2d 504 (1994). For this reason, it is our conclusion that the office of county comptroller is not established in counties with a population of less than three hundred thousand inhabitants.
OTHER STATUTORY PROVISIONS
We further point out that certain statutory responsibilities of a county comptroller are performed by other officers in counties with less than three hundred thousand residents. It is the duty of the county clerk to keep records of all proceedings of the county board, to prepare the annual inventory of county personal property within the custody of the county clerk, to maintain the record of any county warrants issued, and to perform other responsibilities detailed in Neb. Rev. Stat. §§ 23-1301
to 23-1312 (1991 and Cum. Supp. 1996). Generally, the county treasurer performs the duties of fiscal agent for the county.See Neb. Rev. Stat. §§ 23-1601 to 23-1606 (1991 and Cum. Supp. 1996). And, it has been held that the county treasurer is the collector and custodian of public money within the meaning of the Nebraska Constitution. State ex rel. Good v. Marsh,125 Neb. 125, 249 N.W. 295 (1933).
Specific duties expressly provided by statute to be performed by specific county offices cannot be performed by other county officials. The courts have held that counties and county officials only have such authority as provided by law. A county has only those duties and powers conferred upon it by the Legislature. State ex rel. Scherer v. Madison Cty. Comrs.,247 Neb. 384, 527 N.W.2d 615 (1995); Rock Cty. v. Spire,235 Neb. 434, 455 N.W.2d 763 (1990). It has also been held that counties and county boards can exercise only such powers as are expressly conferred upon them by statute, and such grant of power must be strictly construed and any reasonable doubt of existence of powers is resolved against them. Shanahan v. Johnson,170 Neb. 399, 102 N.W.2d 858 (1960).
Based on these authorities, we believe that certain duties and powers designated by statute to be performed by specific county offices are required to be performed by those offices and not by other officials. Accordingly, it is our opinion that a specific duty statutorily required to be performed by the county clerk or treasurer may not be performed by a county comptroller "or a similar position" in counties having a population of less than three hundred inhabitants.
Sincerely yours,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved By:
Don Stenberg
Attorney General